UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DAVID JOSHUA WOOD,
        *Petitioner*,

v.

DARA WATSON,
        *Respondent*.

No. 1:25-cv-00120-MSN-IDD

MEMORANDUM OPINION and ORDER

David Joshua Wood, ("Wood" or "Petitioner"), a Virginia inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. He is detained pursuant to his August 22, 2022 convictions in the Circuit Court of Nottoway County, Virginia, for felony driving under the influence after having previously been convicted of felony driving under the influence; and felony driving revoked, driving under the influence ("DUI")–related, while endangering another. On January 28, 2025, the Court determined that the petition did not comply with Local Civil Rule 83.4, which requires that a *pro se* petition for writ of habeas corpus "be filed on a set of standardized forms to be supplied, upon request, by the Clerk without cost to the petitioner." ECF 3 at 2. On March 20, 2025, Wood filed an amended petition, which was served on the Respondent. ECF 8, 9. On April 23, 2025, the Respondent filed a Rule 5 Answer and a Motion to Dismiss, with supporting briefs and exhibits, asserting the matter should be dismissed because Petitioner has failed to exhaust his state remedies. ECF 10–12. On April 24, 2025, Wood was advised of his right to file responsive materials to the motion to dismiss pursuant to *Roseboro*

*v. Garrison*, 528 F.2d 309 (4th Cir. 1975), but has not done so. Accordingly, this matter is now ripe for disposition.

Upon review of the pleadings and the state court records, this § 2254 petition is a mixed petition (exhausted and unexhausted claims), and therefore must be dismissed without prejudice for failure to exhaust.

**I. Procedural History**

Wood was convicted in the Circuit Court for Nottoway County on August 22, 2022, for felony driving under the influence after having previously been convicted of felony driving under the influence, in violation of Virginia Code §§ 18.2-266; 18.2-270, and felony driving revoked, DUI–related, while endangering another, in violation of Virginia Code § 46.2-391. ECF 12–1. The final order entered on January 13, 2023, sentenced Wood to five years of incarceration on each charge but suspended three years of the felony DUI sentence and four years of the felony driving revoked sentence. *Id.*

Wood, by counsel, appealed his convictions to the Court of Appeals of Virginia arguing that the trial court erroneously admitted a certificate of analysis to prove his level of intoxication, and that the evidence was insufficient to sustain his convictions. *Wood v. Commonwealth*, Record No. 1951-22-2, 2024 WL 1259071, at *1 (Va. Ct. App. Mar. 26, 2024). The court affirmed his convictions in an unpublished opinion dated March 26, 2024. *Wood*, 2024 WL 1259071, at *5. Wood then appealed to the Supreme Court of Virginia, raising the same two issues, and that court refused his petition by order dated October 3, 2024. ECF 12–3.

The online records of Virginia's Judicial System, Case Status and Information System,[1] indicate that Wood, proceeding *pro se*, filed a petition for a writ of habeas corpus in the state circuit

---

[1] *See* http://www.courts.state.va.us/ (Case Status and Information page, Circuit Court, Nottoway County, Civil Case Tab, and search ("Wood, David Joshua") (last viewed Oct. 23, 2025) (hereinafter "Case Status and Information").

2

court on or about June 9, 2025, and that the petition is still pending. *Wood v. Watson*, Case No. CL25–289–00.

## II. Federal Petition

On January 7, 2025,[2] Wood, proceeding *pro se*, filed a federal habeas petition in this Court challenging his convictions. ECF 1. To conform with the local rules, Wood filed an amended petition dated March 14, 2025. ECF 8. The amended petition raises five claims[3]:

I. Ineffective Assistance of Counsel, Due Process.

(a1) Counsel Marlene Harris did not object in court that Trooper Williams had no probable cause to arrest me.

(a2) Also, Trooper Williams illegally recorded my phone conversation with my fiancée without either of us knowing we were being recorded.

(a3) Trooper Williams asked a misleading question by asking two questions in [the] same sentence, "Is this my vehicle, was you driving this vehicle?" Point argued at trial [and] Trooper did not clarify which question I was saying yes to.

II. Ineffective Assistance of Counsel/Duress/Confrontation Clause.

(a1) I made it clear to counsel Marlene Harris, the Honorable Judge Joseph M. Teefey, Jr., and the Commonwealth District Attorney Leanne Watrous that I am deaf, even stated it in court that 'I cannot hear.' Denying me the right to a fair trial to defend myself or hear my accusers.

(a2) Counsel did not object to exhibit 1 of several videos made by Commonwealth's witness Jessica Lester of the other driver.

(a3) [Neither] I nor my attorney was aware of witness Jessica Lester or any videos even though a motion of discovery was filed.

(a4) Jessica Lester never identified me as the other driver, nor her videos Trial Tr. p. 16-18.

III. Ineffective Assistance of Counsel.

---

*See, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the "most frequent use of judicial notice of ascertainable facts is in noticing the content of court records").

[2] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining that a pleading is filed at the time a prisoner delivers it to the prison authorities for forwarding to the court clerk). Although the January 7, 2025 letter was deficient and had to be corrected by an amended petition, for purposes of this proceeding January 7, 2025, is the earliest date this civil action could be considered filed.

[3] Capitalization, punctuation, and spelling have been edited for readability.

3

      (a1) Counsel Marlene Harris did not ask for a jury trial like I asked her to, several times, even 5 minutes before court. Counsel knew I am deaf, so when asked in court if I wanted a bench trial or a jury trial, I did not hear the question to understand it, as we had just discussed this question before court.

      (a2) Commonwealth's witness Crystal Gray said she did not see me driving at any time. Trial Tr. P. 11. Counsel did not argue this fact in court trial.

IV.    Ineffective Assistance of Counsel/Bias by Trial Judge.

      (a1) I asked counsel to file for a change of venue due to the fact that it was the same judge, same district attorney, and the same lawyer representing me there years prior for the same offenses, judge and Commonwealth's Attorney being biased to the outcome of my case.

      (a2) I asked counsel Marlene Harris to have my prior record stricken from their viewing.

      (a3) Counsel didn't object in court to [the] introduce[tion] of my prior DUI convictions as Exhibit 2, nor my DMV transcripts being introduced as Exhibit 3. Trial Tr. p. 21-22.

V.    Evidence Insufficient (A1) Supporting Facts. "[O]n appeal, Wood challenge[d] the admission of [the certificate of] analysis and the sufficiency of the evidence proving his identity as the driver of the wrecked vehicle."

ECF 8 at 5, 7–8, 10, 13.

### III. Exhaustion

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking habeas corpus relief in federal court. 28 U.S.C. § 2254(b). The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). The purpose of the exhaustion doctrine is to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). State prisoners must, therefore, "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* The exhaustion requirement is satisfied by a finding that the "essential legal theories and factual allegations advanced in federal court [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428,

1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993) (citing *Picard v. Connor*, 404 U. S. 270, 275-76 (1971)); *see also, e.g.*, *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (emphasizing that state habeas petitioners must first raise claims in state court).

Here, Claims I through IV (ineffective assistance of counsel claims) are unexhausted because they have not been presented to Virginia's highest court, the Supreme Court of Virginia. Claim V (sufficiency) is exhausted because it was presented on direct appeal through the Supreme Court of Virginia. In such situations, the federal habeas petition is designated a mixed petition. The Supreme Court has "held that 'mixed' habeas petitions—containing both exhausted and unexhausted claims—cannot be adjudicated." *Jones v. Bock*, 549 U.S. 199, 221 (2007) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). "[A district] court presented with a mixed habeas petition 'should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims.'" *Jones*, 549 U.S. at 222 (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). If a state prisoner chooses to amend his mixed federal habeas petition to delete any unexhausted claims, such action would permit him to proceed upon his exhausted claim, rather than returning to state court to exhaust his remaining claims. "By invoking this procedure, however, the prisoner . . . risk[s] forfeiting consideration of his unexhausted claims in federal court." *Rose*, 455 U.S. at 520; *see* 28 U.S.C. § 2244(b) (prohibiting second or successive habeas petitions without prefiling authorization); *see also Jones v. Berge*, 101 F. Supp. 2d 1145, 1151 (E.D. Wis. 2000) (observing that "[t]he cost of" amending a petition to delete unexhausted claims "would be to deprive [a petitioner's] unexhausted claims of ever receiving federal habeas review.").

Petitioner has not responded to the motion to dismiss, but he will be given the option of filing a declaration, within twenty (21) days of the date of this Memorandum Opinion and Order indicating if he is amending his petition to delete Claims I through IV. If he does so, the Court will

5

address the merits of Claim V. If Petitioner does not file a declaration or any other response within the twenty (21) days, this civil action will be dismissed without prejudice.

Accordingly, it is hereby

**ORDERED** that Petitioner file a declaration with the Court, within twenty-one (21) days of the date of this Order, indicating if he is amending his petition to delete Claims I through IV, and if he does so the Court will address the merits of Claim V. If Petitioner does not file a declaration or any other response within the twenty (21) days, this civil action will be dismissed without prejudice.

The Clerk is directed to send a copy of this Order to petitioner and a copy of this Order to counsel for Respondent.

/s/
Michael S. Nachmanoff
United States District Judge

October 28, 2025
Alexandria, Virginia